IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK
2008 APR 11 P 2:59

ANN E. SAVKO,
414 CHAPMAN ROAD E., UNIT 1211
LUTZ, FLORIDA 33549,

       Plaintiff,

vs.

SMITH BARNEY
CITIGROUP GLOBAL MARKETS, INC.
c/o C T CORPORATION SYSTEM
1300 EAST 9TH STREET
CLEVELAND, OHIO 44114

ROBERT W. BAIRD & CO. INCORPORATED
c/o NATIONAL REGISTERED AGENTS, INC.
145 BAKER ST
MARION, OHIO 43302

ANNETTE L. LEXIS
2231 EAST DESERT INN ROAD
LAS VEGAS, NEVADA 89169

and

CHARLES M. SAVKO
29336 CHAPEL PARK DRIVE
WESLEY CHAPEL, FLORIDA 33543

       Defendants.

Case No. **2:08 cv 338**

JUDGE WATSON

MAGISTRATE

## COMPLAINT

Plaintiff Ann E. Savko, for her Complaint against Defendants, alleges as follows:

Page 1 of 14

**THE PARTIES:**

1. Plaintiff is an individual residing in the State of Florida at the address set forth in the caption of this Complaint.

2. Upon information and belief, Defendant Smith Barney, a division of Citigroup Global Markets, Inc. ("Smith Barney"), is a foreign corporation organized and existing under the laws of the State of New York, which transacts business in the states of New York and Ohio.

3. Upon information and belief, Defendant Robert W. Baird & Co. Incorporated ("RW Baird"), is a foreign corporation organized and existing under the laws of the State of Wisconsin, which transacts business in the states of Wisconsin and Ohio.

4. Defendant Annette L. Lexis ("Lexis") is an individual residing in the State of Nevada at the address set forth in the caption of this Complaint.

5. Defendant Charles M. Savko ("Charles Savko") is an individual residing in the State of Florida at the address set forth in the caption of this Complaint.

6. Defendants Lexis and Charles Savko are the natural children of Plaintiff.

**JURISDICTION AND VENUE:**

7. The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of Seventy Five Thousand Dollars ($75,000).

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the suit is between residents of different States.

9. The Defendants have had sufficient minimum contacts with the State of Ohio through the transaction of business in this State, such that this Court has personal jurisdiction over the Defendants.

10. Venue is proper in this District because the parties have conducted activity that gave rise to the claims for relief, in this District.

**BACKGROUND FACTS:**

11. On or about September 8, 1998, Plaintiff created a brokerage account in the Columbus, Ohio office of Defendant Smith Barney by depositing therewith the sum of approximately Fifty Four Thousand Five Hundred Dollars ($54,500), known as account number 713-16679-12 010 (the "Smith Barney Account"). A copy of the Smith Barney Account agreement is attached hereto as **Exhibit A** and incorporated herein by this reference.

12. All funds contributed to the Smith Barney Account were funds that belonged solely to Plaintiff.

13. As of the date of the most recent statement published prior to the commencement of this lawsuit, the value of the Smith Barney Account is in excess of Sixty Thousand Dollars ($60,000).

14. On or about September 22, 1998, Plaintiff created a brokerage account in the Columbus, Ohio office of Defendant RW Baird by depositing therewith the sum of approximately Three Hundred Sixty Four Thousand Dollars ($364,000), known as account number 7327-1614 (the "RW Baird Account"). A copy of the RW Baird Account agreement is attached hereto as **Exhibit B** and incorporated herein by this reference.

15. All funds contributed to the RW Baird Account were funds that belonged solely to Plaintiff.

16. As of the date of the most recent statement published prior to the commencement of this lawsuit, the value of the RW Baird Account is in excess of Three Hundred Eighty Six Thousand Dollars ($386,000).

17. At no time whatsoever has Defendant Lexis contributed any funds to either the Smith Barney Account nor to the RW Baird Account.

18. At no time whatsoever has Defendant Charles Savko contributed any funds to either the Smith Barney Account nor to the RW Baird Account.

19. Plaintiff intended to create the Smith Barney Account and RW Baird Account as accounts commonly known as payable-on-death accounts ("POD Accounts"), pursuant to Ohio Revised Code Section 2131.10, such that such accounts were owned solely by Plaintiff during her lifetime, with the proceeds of such accounts being paid upon Plaintiff's death to beneficiaries named by Plaintiff. Plaintiff intended to name her children, Defendants Lexis and Charles Savko, as the POD beneficiaries at the time she established the Smith Barney Account and RW Baird Account.

20. At all times relevant hereto, Plaintiff had no intent to create any ownership interest in the Smith Barney Account and RW Baird Account for the benefit of either Defendant Lexis or Defendant Charles Savko, and Plaintiff did not convey to Defendants Lexis and Charles Savko any ownership of or rights to the Smith Barney Account and RW Baird Account.

21. Contrary to Plaintiff's intent, Defendant Smith Barney established the Smith Barney Account as either a joint account or a joint and survivorship account, or some other account designation, such that Defendants Lexis and Charles Savko are identified as current co-owners of the Smith Barney Account together with Plaintiff.

22. Contrary to Plaintiff's intent, Defendant RW Baird established the RW Baird Account as either a joint account or a joint and survivorship account, or some other account designation, such that Defendants Lexis and Charles Savko are identified as current co-owners of the RW Baird Account together with Plaintiff

23. Plaintiff has attempted to withdraw funds from the Smith Barney Account and RW Baird Account, but she has been denied access to these funds by Defendants Smith Barney and RW Baird unless and until Defendants Lexis and Charles Savko consent to such withdrawals.

24. At all times from the creation of the Smith Barney Account and RW Baird Account through the present, Defendants Smith Barney and RW Baird have treated Plaintiff as the sole owner of the accounts, for example, by sending monthly account statements solely to Plaintiff, by issuing income tax Form 1099 reporting all income generated by the accounts solely in the name of Plaintiff and no others and by other acts and omissions. Notwithstanding the foregoing, Defendants Smith Barney and RW Baird have failed and refused to permit Plaintiff to withdraw any funds from the accounts at issue herein.

25. No party, other than Plaintiff, has asserted any right of ownership or right to, nor interest in, the Smith Barney Account and the RW Baird Account, nor to any of the proceeds of said accounts.

26. ORC Section 2131.10 expressly provides that "[e]very contract . . . authorized by this section shall be deemed to contain a right on the part of the owner during the owner's lifetime both to withdraw the proceeds of such investment share certificate, share account, deposit, or stock deposit, in whole or in part, as though no beneficiary has been

named, and to designate a change in beneficiary. The interest of the beneficiary shall be deemed not to vest until the death of the owner."

27. Plaintiff has demanded that Defendants Smith Barney and RW Baird restructure or reform her account contracts so as to state that Plaintiff is the sole owner of the Smith Barney Account and the RW Baird Account, respectively, but both Defendants Smith Barney and RW Baird have refused to comply with Plaintiff's demands, thereby creating a real controversy between the parties.

28. Plaintiff's circumstances have changed since the time she created both the Smith Barney Account and the RW Baird Account such that Plaintiff desires to completely, permanently and irrevocably remove Defendant Lexis as an owner and/or beneficiary of both the Smith Barney Account and the RW Baird Account, but both Defendants Smith Barney and RW Baird have refused to comply with Plaintiff's demands.

29. The refusals by Defendants Smith Barney and RW Baird to allow Plaintiff access to her accounts deprives her of a substantial right and has caused her damages in an amount equal to the values of the Smith Barney Account and RW Baird Account.

30. Unless this Court provides Plaintiff with speedy and immediate relief on her claims herein, Plaintiff will be deprived of her rights in her property.

31. Defendants Lexis and Charles Savko may have or may claim an interest that would be affected by any declaration in these proceedings.

## COUNT ONE (Declaratory Judgment of the Smith Barney Contract)

32. Plaintiffs incorporate by reference as if fully rewritten herein all allegations, averments and facts set forth in paragraphs 1 through 31 of the Complaint.

33. At all times relevant hereto, Plaintiff contributed all funds to the Smith Barney Account.

34. At all times relevant hereto, no person other than Plaintiff contributed any funds to the Smith Barney Account.

35. Plaintiff has asserted demands to Defendant Smith Barney that Plaintiff be treated as the sole owner of the Smith Barney Account, and/or that Plaintiff be permitted to withdraw her funds from said account and/or that Defendant Lexis be completely removed as an owner and/or beneficiary of said account, and that she be declared as having no interest whatsoever in said account.

36. Defendant Smith Barney has refused and/or failed to recognize Plaintiff as the sole owner of the Smith Barney Account, has refused and/or failed to permit Plaintiff to withdraw her funds from said account and refused and/or failed to remove Defendant Lexis as a beneficiary of said account.

37. As a result of the actions of Defendant Smith Barney, a real controversy exists between the parties regarding the ownership of the Smith Barney Account.

38. Said controversy is justiciable in character, as this Court has the power to declare Plaintiff the sole owner of the Smith Barney Account.

39. Plaintiff requires speedy relief of her claims herein in order to preserve her rights in the proceeds of the Smith Barney Account.

40. Plaintiff requires this Court to declare that she is the legal title owner of the Smith Barney Account, and to order Defendant Smith Barney to transfer said title solely into Plaintiff's name, or, alternatively, to remove Defendant Lexis as an owner and beneficiary of said account and declare that she has no interest whatsoever in said account.

41. This action is authorized by Ohio Revised Code Sections 2721.02 and 2721.03, and, unless this Court grants Plaintiff declaratory judgment as prayed for hereinabove, Plaintiff has no adequate remedy at law.

**COUNT TWO (Declaratory Judgment of the RW Baird Contract)**

42. Plaintiffs incorporate by reference as if fully rewritten herein all allegations, averments and facts set forth in paragraphs 1 through 41 of the Complaint.

43. At all times relevant hereto, Plaintiff contributed all funds to the RW Baird Account.

44. At all times relevant hereto, no person other than Plaintiff contributed any funds to the RW Baird Account.

45. Plaintiff has asserted demands to Defendant RW Baird that Plaintiff be treated as the sole owner of the RW Baird Account, respectively, and/or that Plaintiff be permitted to withdraw her funds from said account and/or that Defendant Lexis be completely removed as an owner and/or beneficiary of said account, and that she be declared as having no interest whatsoever in said account.

46. Defendant RW Baird has refused and/or failed to recognize Plaintiff as the sole owner of the RW Baird Account, has refused and/or failed to permit Plaintiff to withdraw her funds from said account refused and failed to remove Defendant Lexis as a beneficiary of said account.

47. As a result of the actions of Defendant RW Baird, a real controversy exists between the parties regarding the ownership of the RW Baird Account.

48. Said controversy is justiciable in character, as this Court has the power to declare Plaintiff the sole owner of the RW Baird Account.

49. Plaintiff requires speedy relief of her claims herein in order to preserve her rights in the proceeds of the RW Baird Account.

50. Plaintiff requires this Court to declare that she is the legal title owner of the RW Baird Account, and to order Defendant RW Baird to transfer said title solely into Plaintiff's name, or, alternatively, to remove Defendant Lexis as an owner and beneficiary of said account and declare that she has no interest whatsoever in said account.

51. This action is authorized by Ohio Revised Code Sections 2721.02 and 2721.03, and, unless this Court grants Plaintiff declaratory judgment as prayed for hereinabove, Plaintiff has no adequate remedy at law.

## COUNT THREE (Reformation of the Smith Barney Account Contract)

52. Plaintiff incorporates by reference as if fully rewritten herein all allegations, averments and facts set forth in paragraphs 1 through 51 of the Complaint.

53. The court has the power to reform a contract where a unilateral mistake affects a party's rights such that the contract is not a correct integration of the agreement of the parties.

54. Plaintiff's account contract with Defendant Smith Barney was incorrectly formed when the Smith Barney Account was created, either as a result of the mutual mistake of the parties or the unilateral mistake of Defendant Smith Barney.

55. Plaintiff's intent when creating the Smith Barney Account was to create a POD Account under ORC Section 2131.10 or any similar statute thereto, whereby Plaintiff would be treated as the sole owner of said account during her lifetime, Plaintiff would be permitted unrestricted access to withdraw funds from said account and Plaintiff could, from time to

time, appoint such beneficiaries who would be entitled to the proceeds of said account upon Plaintiff's death.

56. Defendant Smith Barney failed to properly establish the Smith Barney Account upon its creation, and, as a consequence, has asserted that it cannot now change the contract so as permit Plaintiff to withdraw her funds therefrom.

57. Plaintiff requires this Court to reform the Smith Barney Account contract to state, *inter alia*, that Plaintiff is the sole owner of said account and that no other parties have any right or interest in said contract and account, and to remove Defendant Lexis as an owner and beneficiary of said account so as to effect Plaintiff's present intentions.

58. Unless this Court grants Plaintiff relief as prayed for hereinabove, Plaintiff has no adequate remedy at law.

## COUNT FOUR (Reformation of the RW Baird Account Contract)

59. Plaintiff incorporates by reference as if fully rewritten herein all allegations, averments and facts set forth in paragraphs 1 through 58 of the Complaint.

60. Plaintiff's account contract with Defendant RW Baird was incorrectly formed when the RW Baird Account was created, either as a result of the mutual mistake of the parties or the unilateral mistake of Defendant RW Baird.

61. Plaintiff's intent when creating the RW Baird Account was to create a POD Account under ORC Section 2131.10 or any similar statute thereto, whereby Plaintiff would be treated as the sole owner of said account during her lifetime, Plaintiff would be permitted unrestricted access to withdraw funds from said account and Plaintiff could, from time to

time, appoint such beneficiaries who would be entitled to the proceeds of said account upon Plaintiff's death.

62. Defendant RW Baird failed to properly establish the RW Baird Account upon its creation, and, as a consequence, has asserted that it cannot now change the contract so as permit Plaintiff to withdraw her funds therefrom.

63. The RW Baird Account contract must be reformed in order to correct the parties' intent upon the creation of said account.

64. Plaintiff requires this Court to reform the RW Baird Account contract to state, *inter alia*, that Plaintiff is the sole owner of said account and that no other parties have any right or interest in said contract and account, and to remove Defendant Lexis as an owner and beneficiary of said account so as to effect Plaintiff's present intentions.

65. Unless this Court grants Plaintiff relief as prayed for hereinabove, Plaintiff has no adequate remedy at law.

## COUNT FIVE (Breach of the Smith Barney Contract)

66. Plaintiff incorporates by reference as if fully rewritten herein all allegations, averments and facts set forth in paragraphs 1 through 64 of the Complaint.

67. The agreement Plaintiff entered into with Defendant Smith Barney when establishing the Smith Barney Account entitled Plaintiff, *inter alia*, to receive the income generated from investments in said account and to have the right to withdraw proceeds from said account in her sole discretion.

68. Defendant Smith Barney has refused and/or failed to perform its obligations under its agreement with Plaintiff, and, as a result thereof, is in breach of contract.

69. Unless this Court grants Plaintiff declaratory judgment and/or reforms the Smith Barney Account contract, so as to permit Plaintiff to have unrestricted access to the proceeds of the Smith Barney Account and to remove Defendant Lexis as an owner and beneficiary of said account so as to effect Plaintiff's present intentions, Plaintiff will be deprived of her property and will be injured to the extent of the value of said account.

70. By reason of Defendant Smith Barney's breach, Plaintiff has been damaged in an amount not less than Sixty Thousand Dollars ($60,000).

**COUNT SIX (Breach of the RW Baird Contract)**

71. Plaintiff incorporates by reference as if fully rewritten herein all allegations, averments and facts set forth in paragraphs 1 through 70 of the Complaint.

72. The agreement Plaintiff entered into with Defendant RW Baird when establishing the RW Baird Account entitled Plaintiff, *inter alia*, to receive the income generated from investments in said account and to have the right to withdraw proceeds from said account in her sole discretion.

73. Defendant RW Baird has refused and/or failed to perform its obligations under its agreement with Plaintiff, and, as a result thereof, is in breach of contract.

74. Unless this Court grants Plaintiff declaratory judgment and/or reforms the RW Baird Account contract, so as to permit Plaintiff to have unrestricted access to the proceeds of the RW Baird Account and to remove Defendant Lexis as an owner and beneficiary of said account so as to effect Plaintiff's present intentions, Plaintiff will be deprived of her property and will be injured to the extent of the value of said account.

75. By reason of Defendant RW Baird's breach, Plaintiff has been damaged in an amount not less than Three Hundred Eighty Six Thousand Dollars ($386,000).

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendants as follows:

A. On the First Cause of Action, that this Court declare Plaintiff to be the sole legal owner of the Smith Barney Account, that she be entitled to unrestricted rights to withdraw all funds and proceeds from said account at any time, from time to time, in any amounts in her sole discretion, that no other person has any rights of ownership of or control over said account and for such other relief as may be necessary to effectuate the relief prayed for;

B. On the Second Cause of Action, that this Court declare Plaintiff to be the sole legal owner of the RW Baird Account, that she be entitled to unrestricted rights to withdraw all funds and proceeds from said account at any time, from time to time, in any amounts in her sole discretion, that no other person has any rights of ownership of or control over said account and for such other relief as may be necessary to effectuate the relief prayed for;

C. On the Third Cause of Action, that this Court reform the Smith Barney Account contract to state that Plaintiff is the sole legal owner of the Smith Barney Account, that that no other person has any right or interest in said contract and account and for such other relief as may be necessary to effectuate the relief prayed for;

D. On the Fourth Cause of Action, that this Court reform the RW Baird Account contract to state that Plaintiff is the sole legal owner of the RW Baird Account, that that no other person has any right or interest in said contract and account and for such other relief as may be necessary to effectuate the relief prayed for;

E. On the Fifth Cause of Action, for an award of damages against Defendant Smith Barney in an amount not less than Sixty Thousand Five Hundred Dollars ($60,000);

F. On the Fifth Cause of Action, for an award of damages against Defendant RW Baird in an amount not less than Three Hundred Eighty Six Thousand Dollars ($386,000);

G. On all Causes of Action, that all Defendants hereto answer as to their interests in the property which is the subject of this action, or be forever barred from asserting same;

H. On all Causes of Action, an award of attorney fees and interest; and

I. Such other and further relief this Court deems equitable and just.

_____
Charles A. Koenig (0018358)
326 South High Street, Suite 300
Columbus, Ohio 43215
tele (614) 241-5902
fax (614) 241-5909 facs.
Attorney for Plaintiff